**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3540
_____

JEFFREY A. RUSCHAK,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00123)
District Judge: Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2026

Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 22, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jeffrey A. Ruschak appeals pro se from the District Court's dismissal of his complaint. We will affirm.

On January 29, 2024, Ruschak filed a complaint in the United States District Court for the Western District of Pennsylvania wherein he challenged decisions of the Commissioner of Social Security ("Commissioner") regarding his applications for disability benefits filed in 2013 and 2017.[1] Ruschak's complaint also discussed a purported application for benefits filed in 1994, and alleged fraud by the Social Security Administration related to that application. The Commissioner filed a motion to dismiss, arguing that Ruschak's claims related to his 2013 application were untimely and that he had failed to exhaust his administrative remedies as to his 2017 application.

The District Court granted the motion in part, dismissing any claims related to Ruschak's 2013 application and the alleged 1994 application with prejudice. The court

---

[1] In 2013, Ruschak filed an application for disability benefits under Title II of the Social Security Act, alleging disability since 1994. The State agency denied his application at the initial and reconsideration levels. Ruschak requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied Ruschak's claim in February 2015 following a hearing. He sought review from the Appeals Council, which it denied on August 8, 2016. Ruschak then sought an extension of time to seek judicial review. The Appeals Council granted him a 30-day extension on November 16, 2016. Ruschak did not file a civil action at that time. He filed a second application on August 21, 2017. That claim was denied at the initial level in September 2017, and again at the reconsideration level on October 7, 2017. In December 2022, Ruschak requested a hearing before an ALJ. The ALJ denied his request as untimely on November 6, 2023. While Ruschak's request for review of the ALJ's decision was pending with the Appeals Council, he filed this action.

determined that any claims stemming from these applications were untimely under 42

U.S.C. § 405(g), which provides that a civil action seeking judicial review of a decision

of the Commissioner must be filed "within sixty days after the mailing . . . of notice of

such decision or within such further time as the Commissioner [ ] may allow."[2] The

District Court did not dismiss the claims related to the 2017 application and gave

Ruschak an opportunity to supplement the record regarding exhaustion of those claims.

Ruschak filed a response, a motion to dismiss, and several other documents. However, he

did not address the Commissioner's claim that he had failed to exhaust his administrative

remedies as to the 2017 application before filing suit.

The Commissioner again moved to dismiss, and submitted a declaration stating

that Ruschak had not received a "final decision" at the time he commenced this action.

*See Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019) (explaining that a "final decision" is

rendered after a benefits claimant has completed a four-step administrative process: an

initial determination, reconsideration, a hearing conducted by an ALJ, and review of the

ALJ's decision by the Appeals Council). The District Court granted the motion,

concluding that Ruschak had not exhausted his administrative remedies by obtaining a

judicially reviewable "final decision" regarding the 2017 application before filing his

complaint. *See* 42 U.S.C. § 405(g) (providing for judicial review only after the claimant

---

[2] A timeliness defense may be raised under Rule 12(b)(6) where, as here, the time-bar is apparent on the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

obtains a "final decision of the Commissioner of Social Security made after a hearing").[3]

As a result, the court dismissed the complaint without prejudice and denied Ruschak's pending motions. Ruschak timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Ruschak's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

As the Commissioner correctly points out, Ruschak has failed to present any clear challenge to the District Court's dismissal of his claims on appeal. *See In re LTC Holdings, Inc.*, 10 F.4th 177, 181 n.1 (3d Cir. 2021) (noting that "arguments not developed in an appellant's opening brief are forfeited") (citing *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016)). Ruschak's appellate brief is unusual; it lacks any legal argument and instead alleges a conspiracy in which Ruschak has been a "victim of S[ocial] S[ecurity] fraud from date of application 7-12-1994[.]" C.A. Doc. 7 at 2. Indeed, Ruschak claims—without factual support—that the "corrupt decision" by the District Court "ignored interview[s] with the F.B.I." and consequently "protects Social Security employees[.]" *Id.* at 1, 3. We find no support in the record for these conclusory

---

[3] The requirement that there must be a final decision "consists of two elements, only one of which is purely jurisdictional in the sense that it cannot be waived by the Secretary in a particular case." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (citation modified). Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Id.* But the agency has not waived exhaustion in this case.

allegations. And Ruschak has forfeited any challenges to the District Court's timeliness and exhaustion rulings.

Accordingly, we will affirm the District Court's judgment.[4]

---

[4] To the extent Ruschak requests a federal prosecutor to represent him, that request is denied.